IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME VINCENT, JOHNSON | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-2348 |
| | : | |
| PYRAMID PREP PROGRAM, | : | |
| MISS JONES, ASS'T DIRECTOR, | : | |
| Defendants | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                June 30, 2008

Jerome Vincent Johnson filed this *pro se* action presumably pursuant to 42 U.S.C. § 1983 against Pyramid Prep Program and its Assistant Director Miss Jones.[1] The one sentence complaint alleges "harrasment [sic] sence [sic] 1978 and off an [sic] on causing trouble social, personal, employment impersonating, playing body part's [sic] me!" Mr. Johnson seeks monetary relief in the amount of $2 million. The defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I will grant the motion but allow the plaintiff time to amend his complaint.

Under Rule 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." The rule is designed to screen out cases where

---

[1] The motion to dismiss indicates that the correct names of the defendants are Pyramid Healthcare, Inc., and Hilary Jones, respectively. It also indicates that Pyramid Healthcare provides drug and alcohol classes to inmates at the George W. Hill Correctional Facility where the plaintiff is incarcerated. As such, for the purposes of this motion, Pyramid Healthcare may be considered a state actor under 42 U.S.C. § 1983.

"a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999). Under Rule 12(b)(6), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party. ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

Because Mr. Johnson is proceeding *pro se*, his complaint should be construed liberally. See Hartmann v. Carroll, 492 F.3d 478, 482 n.8 (3d Cir. 2007). I am obligated

to construe all the allegations in such a complaint in favor of the *pro se* litigant.  Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997).  However, in order to comply with Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has an adequate notice to frame an answer."  Frazier v. SEPTA, 785 F.2d 65, 68 (3d Cir. 1986).  Thus, Mr. Johnson's complaint, however inartfully pleaded, must be held to a less stringent standard than a formal pleading drafted by a lawyer.  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations and quotations omitted).

As the complaint stands now, it is woefully deficient.  I must agree with the defendants that it is incomprehensible and fails to conform even slightly to our liberal notice pleading standard.  It does not provide a clear statement of what occurred, what possible violation of his rights he is alleging, or what redress the plaintiff is seeking besides a monetary remedy of $2 million.  It would be impossible for the defendants to frame an answer.

However, rather than dismissing the complaint in its entirety, a court may, under Rule 12(e) of the Federal Rules of Civil Procedure, grant the plaintiff leave to provide a more definite statement if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . ." FED.R.CIV.P. 12(e).  Of course, this complaint is beyond vague or

ambiguous. I will grant the defendant's motion to dismiss the complaint without prejudice, and in an abundance of caution, allow the plaintiff to provide a more definite statement within twenty (20) days such that the defendants might prepare a defense to the allegations therein. This pleading should include a clear and factual statement of the basics of what occurred to prompt this cause of action, when it occurred, and the identity of those who participated in the alleged violations.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEROME VINCENT, JOHNSON** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-2348 |
| | : | |
| **PYRAMID PREP PROGRAM,** | : | |
| **MISS JONES, ASS'T DIRECTOR,** | : | |
| Defendants | : | |

**O R D E R**

**STENGEL, J.**

**AND NOW,** this   30th   day of June, 2008, upon consideration of the defendants' uncontested motion to dismiss (Document #10), IT IS HEREBY ORDERED that the motion is GRANTED without prejudice.

IT IS FURTHER ORDERED that the plaintiff is granted leave to file a more definite statement of the case against these defendants.  This action will be dismissed if no amended complaint is filed within twenty (20) days of the date of this Order.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.